UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE EARL JONES, III,

Plaintiff,

v.

JORGE ESTUPIAN, *et al.*,

Defendants.

Case No.  2:26-cv-1159-JDP (P)

ORDER

Plaintiff, a state prisoner proceeding without counsel, alleges numerous violations of his constitutional rights against an indeterminate number of defendants.  ECF No. 1.  The complaint appears to impermissibly join multiple, unrelated claims against more than one defendant.  I will dismiss the complaint with leave to amend so that plaintiff may remedy this deficiency.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and deny his motion for appointment of counsel, ECF No. 3.

Screening Order

I.      Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.      Analysis

Plaintiff's complaint lacks organization, and it is difficult to tell, with complete certainty, how many separate claims are at issue in plaintiff's lengthy complaint. He begins by alleging that defendant Estupian violated his Eighth Amendment rights by using pepper spray against him unnecessarily. ECF No. 1 at 4-5. It appears that other correctional officer defendants were also involved in this use of force, *id.* at 3. Separately, plaintiff alleges that Alexis Salceola, a registered nurse, failed to submit accurate records, preventing him from receiving suicide prevention services. *Id.* at 4. He alleges that "Alexis Salceda," which I interpret to be an

2

alternate spelling of Salceola's name, committed sexual misconduct by observing him and his cellmate in the nude. *Id.* at 7. In still another separate claim, plaintiff alleges that an officer named Long Hang failed to provide or summon medical care for his asthma attack. *Id.* at 12.

Separate claims against multiple defendants belong in different lawsuits. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If all these claims are related, plaintiff must explain the connection between them. I will dismiss the complaint with leave to amend so that plaintiff may address this issue. He is advised that an amended complaint will entirely supersede the original complaint, and it should be filed on the form included with this order and be titled "First Amended Complaint."

Additionally, I will deny plaintiff's motion to appoint counsel. ECF No. 3. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent him. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). Here, the factors do not weigh in favor of appointing counsel. Plaintiff appears capable of presenting his own claims, and none of those claims appears to be complex.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

5.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

6.  Plaintiff's motion to appoint counsel, ECF No. 3, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   April 29, 2026   _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE